IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MELVIN TAYLOR, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | CIVIL NO. 3:11-cv-087-CDL-CHW |
| | : | |
| WALTON COUNTY JAIL and | : | |
| C. THOMPSON, R.N., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| **Defendants** | : | BEFORE THE U.S. MAGISTRATE JUDGE |

_____

## ORDER & RECOMMENDATION

Plaintiff **MELVIN TAYLOR**, a prisoner at the Walton County Jail in Monroe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. In his initial Complaint, Plaintiff alleged that he had been diagnosed with a brain tumor prior to his arrest, that he notified Walton County Jail officials of his medical condition, and that they failed to provide him with the necessary medical tests or treatment. Because Plaintiff's Complaint did not contain allegations against any particular individual, the Court directed Plaintiff to file a supplement to his Complaint. In response, Plaintiff filed a "Motion to Amend Complaint" [Doc. 11], which this Court now construes as a supplement to the original Complaint rather than an amendment. Plaintiff has also requested that the Court reconsider its prior order denying his motion for appointment of counsel.

Having now reviewed both Plaintiff's Complaint and Supplement pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has stated a claim against Defendant **Nurse C. Thompson** for inadequate medical treatment in violation of the Eighth Amendment. It is **RECOMMENDED**, however, that both the **Walton County Jail** and newly added Defendant **Sheriff Joe Chapman** be **DISMISSED** from this action pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. The

Court will reserve ruling on Plaintiff's pending Motion for Reconsideration [Doc. 12].

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or

2

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.   See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

According to the allegations in the Complaint, Plaintiff entered Walton County Jail with a serious medical condition over a year ago.   Plaintiff alleges that, prior to his arrest, he had been diagnosed with a "brain tumor" and was scheduled for surgery.   When Plaintiff was subsequently imprisoned, he advised Nurse C. Thompson, a nurse supervisor, and other medical staff at the jail of his brain condition, but they failed to provide him with adequate medical treatment. According to Plaintiff, he has received two MRIs while at Walton, and these tests confirmed he has a "brain tumor," which, if not treated, will kill him. Plaintiff was also taken to see a doctor in Snellville, Georgia, who also indicated that Plaintiff had a tumor and said that he would like to do a biopsy.

Even with this information, the Complaint alleges, Nurse C. Thompson and other prison officials still failed to provide Plaintiff with the necessary medical treatment. Plaintiff alleges that Nurse Thompson in fact examined him on one occasion and refused to admit that she saw some swelling in his head until other observers saw the swelling and she was forced to admit that she noticed it as well. Plaintiff also apparently submitted grievance forms in which he complained

3

about the lack of pain medication being provided. Those grievances were presumably denied, and

a prison official (with the initials "C.T.") even noted "nothing wrong . . . brain" on the form.   At

some point, however, prison officials determined it was necessary to release Plaintiff from custody

and place him on house arrest so that he could undergo surgery and have his "medical problem

handled."   According to Plaintiff, he will be required to return to the jail when he is able.[1]

In the Complaint, Plaintiff claims that the brain tumor caused him to suffer weakness in his

knees, dizziness and blurred vision.   For over a year, he wrote medical request forms, grievances,

and multiple letters seeking treatment to no avail.   Apparently, Plaintiff has been told that the jail

will not provide the necessary treatment because it is "too expensive."   Plaintiff additionally

alleges, in his Supplement, that Walton County Sheriff Joe Chapman failed in his supervisory

responsibility "to ensure the well-being of petitioner" and failed to respond to grievances filed in

regards to this matter. Plaintiff further alleges that Sheriff Chapman violated his constitutional

rights because he violated his "duty to know of the action of his servants . . . and employees."

As an initial matter, the Court notes that Plaintiff did not name Sheriff Chapman as a party

to this action in his Complaint. It is assumed, therefore, that Plaintiff's Supplement was intended to

add Sheriff Chapman as a party.   Plaintiff fails, however, to state a cognizable claim against

Sheriff Chapman.   Sheriffs, wardens, and other supervisory officials are not liable under § 1983

for the unconstitutional acts of their subordinates merely because of their position or supervisory

responsibilities. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

---

[1] On August 10, 2011, Plaintiff informed the Court that he had been released to undergo brain
surgery [Doc. 13]. His subsequent response [Doc. 15] to a Show Cause Order from the Court
alleges that Plaintiff was in fact placed on "house arrest" while his medical condition was treated.
The type of treatment Plaintiff required or received is unclear, however.

To state a viable claim against a supervisory official, a prisoner must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id.  Plaintiff has failed to do so here.  A blanket conclusory allegation that Sheriff Chapman was aware and failed to remedy Plaintiff's problem is insufficient to state a claim upon which relief may be granted. See Thompson v. Carani, 2007 WL 2317290 at * 2 (S.D. Ga. Aug. 10, 2007); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on supervisory official who merely failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that commissioner could be held liable for damages based on receipt of a letter describing allegedly improper prison conditions). The same is true for Plaintiff's conclusory allegations that Sheriff Chapman failed to fulfill his duty of ensuring Plaintiff's general well-being.  See Simpson v. Stewart, 386 Fed. Appx. 859, 861 (11th Cir. 2010) (allegations that sheriff was "responsible for the well-being of all the inmates in the jail" were insufficient to state a claim under § 1983). It is, therefore, **RECOMMENDED**, that Plaintiff's newly added claims against **Walton County Sheriff Joe Chapman** be **DISMISSED** without prejudice.

Defendant **Walton County Jail** is also not a properly named defendant. A county jail is not an entity that can be sued under Section 1983.  See, e.g., Waller v. Horn, No. 5:06-cv-114 (WDO), 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (finding that the Putnam County Jail is a nonsuable entity for section 1983 purposes). It is thus **RECOMMENDED** that Defendant **Walton County Jail** be **DISMISSED** from this action as well.

Accordingly, the only remaining defendant in this action is **Nurse C. Thompson**, against whom Plaintiff attempts to state a claim for inadequate medical treatment.   To state such a claim,

a plaintiff must allege acts or omissions amounting to deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  These allegations must satisfy both an objective and subjective component.  Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by* Hope v. Peltzer, 536 U.S. 730, 739 (2002).  Thus, to survive a frivolity review, a plaintiff must allege (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended, and (2) that the defendant had subjective knowledge of a risk of serious harm to the plaintiff but disregarded that risk. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).  Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation.  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  Rather, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

At this stage, the Court must assume all statements in Plaintiff's Complaint and Supplement are true. When taken as entirely true, Plaintiff's allegations against Nurse Thompson do sufficiently state a claim for inadequate or unreasonable delay in medical care.  Plaintiff alleges that he has a serious medical condition requiring surgery; that he will die or suffer other serious injury without the surgery; that Nurse Thompson was aware of the condition and the need for surgery; and that she still refused to acknowledge his condition or provide him with the additional medical tests and treatment required.

Of course, it also appears Plaintiff may have, since this suit was filed, received the required treatment for his medical condition.   In response to a Show Cause Order from the Court [Docs. 14 & 15], Plaintiff confirmed that he had been released from custody and put on "house arrest" until

his medical problems can be properly treated.   Plaintiff has presumably now received the surgical treatment he previously requested. Plaintiff reiterates, however, that he was in custody for more than a year, and Defendants denied the existence of his medical problems and unreasonably delayed the necessary medical treatment simply because "they" did not want to "pay for it."   It is unclear whether Walton County is presently paying for Plaintiff's medical treatment.

Deliberate indifference violating the Eighth Amendment may indeed "result not only from failure to provide medical care . . . , but also from excessive delay: 'Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs.'" Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, (11th Cir. 2010) (quoting McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999)).   Such indifference can be manifested by prison officials "in their response to the prisoner's needs, by the intentional denial or delay of access to medical care, or the intentional interference with treatment once prescribed."   Cox v. District of Columbia, 834 F. Supp. 439, 442 (D.D.C. 1992) (citing Estelle, 429 U.S. at 104-05).   The Court will accordingly allow this claim against Nurse Thompson to proceed beyond the frivolity review, though Plaintiff may ultimately be called to detail any harm that resulted from the delay or how his medical condition was exacerbated by the lack of treatment.

The Court will also reserve ruling on Plaintiff's Motion for Reconsideration [Doc. 12] and renewed motion for counsel. The Court will reevaluate Plaintiff's need for legal assistance after it has an opportunity to review the responsive pleading.

## CONCLUSION

For these reasons, the Court finds that Plaintiff has stated a claim against Defendant **C. Thompson** for inadequate medical treatment in violation of the Eighth Amendment.   It is **RECOMMENDED**, however, that **Walton County Jail** and newly added Defendant **Sheriff Joe**

**Chapman** be **DISMISSED** from this action under 28 U.S.C. §1915A(b).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Because the Court finds that Plaintiff states an Eighth Amendment claim against **Nurse C. Thompson**, this action shall go forward, but only against this Defendant for the claim identified herein.   It is, therefore, **ORDERED** that service be made against **Nurse C. Thompson** and that she file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of her duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

This Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*.   Plaintiff is, nonetheless, still obligated to pay his filing fee, as discussed later in this Order and Recommendation. The Clerk is also **DIRECTED** to send a copy of this Order and Recommendation to the business manager of the facility where Plaintiff is currently incarcerated.

**Both parties shall further take note of the rules and requirements discussed below.**

### DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility

that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of**

**the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained,</u> **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing

supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to

remit payments.   In addition, plaintiff's complaint is subject to dismissal if he has the ability to

make monthly payments and fails to do so.

       **SO ORDERED**, this 14th day of September, 2011.


                           s/ Charles H. Weigle_____
                           Charles H. Weigle
                           United States Magistrate Judge